WATKINS, Judge.
This is a consolidated appeal taken by the Collector of Revenue, State of Louisiana, from a decision of consolidated cases tried by the District Court which affirmed a judgment of the Board of Tax Appeals rendered after a consolidated hearing annulling two assessments of the Occupational License Tax (see LSA-R.S. 47:341 et seq.) against Wells Fargo Leasing Corporation and Wells Fargo Transport Leasing Corporation (hereafter collectively called “Wells Fargo”). We affirm.
According to argument of counsel for the Department of Revenue before the Board *389 of Tax Appeals, Wells Fargo leases helicopters that are physically located in Iberia Parish. Wells Fargo, the Collector of Revenue concedes, has no office in the State of Louisiana. To get in touch with Wells Fargo, it is necessary to contact it in California.
As indicated, the first section of the Occupational License Tax statute is LSA-R.S. 47:341, which reads as follows:
“In addition to all other license and excise taxes imposed in other chapters of this Title or in other laws, there is hereby levied an annual license tax upon each person pursuing any trade, profession, vocation, calling or business in this state subject to license under Section 8 of Article X of the Constitution of 1921, which annual license tax shall be classified and graded as set out in the following Sections of this Chapter.”
The meaning of “pursuing any . business in this state . . . ” is to some extent defined and limited by the language of LSA-R.S. 47:345, which quoted in full is as follows:
“Except as otherwise expressly provided herein, any person taxed under this Chapter having one or more places of business shall pay a separate license for each class of business at each place.
“A separate license for each class of business at each place of business shall not be required where any person has taxable annual gross sales and taxable annual gross receipts in an aggregate amount of less than five thousand dollars ($5,000.00), or has only taxable annual gross sales or taxable annual gross receipts in an amount of less than five thousand dollars ($5,000.00). Only one license shall be required for each place of business, which license shall be based upon the classification of business which constitutes the major portion of the taxable annual gross sales or taxable annual gross receipts.”
We interpret R.S. 47:345, in stating “having one or more places of business”, to require that the taxpayer, as a general rule, have at least one place of business in this state in order to be subject to the tax. Wells Fargo has no place of business in Louisiana. Therefore, we hold that Wells Fargo is not subject to the Occupational License Tax.
This conclusion is further supported by considering LSA-R.S. 47:369 and 47:369.1, which are clearly intended to constitute exceptions to the general rule requiring that the taxpayer have at least one place of business in Louisiana to be subject to the Occupational License Tax. A reading of these two statutory provisions makes this construction quite clear:
Section 47:369
“Each person engaged in the trade, profession, vocation, calling or business of going from house to house, or from place to place, selling or offering for sale spices, flavoring extracts, toilet articles, soaps, insecticides, stock and poultry supplies, proprietary medicines and household remedies in original packages of the manufacturer and other packaged articles of the like or kind commonly used on the farm and in the home, shall pay a license tax, to be determined as follows:
“(1) When using a motor vehicle solely for the purpose of transporting merchandise from house to house, or from place to place, and not being used for the display of merchandise or as a rolling store and purchasers or prospective purchasers not being permitted to enter said vehicle for the purpose of inspecting or purchasing such merchandise, the annual license tax shall be fifty dollars ($50.00).
“(2) When operating as provided in paragraph (1) above, with a vehicle propelled by power other than motor, the annual license tax shall be twenty dollars ($20.00).
“(3) When operating without a vehicle of any kind, the annual license tax shall be ten dollars ($10.00).
“Persons residing in the parish where the license is issued and selling their goods exclusively in that parish shall pay only one-half of the amounts set forth in this Section. Upon payment of the license fees provided in this Section, the licensee shall be required to pay no other state, parish or municipal taxes for the privilege of carrying on the business described herein; and upon payment of the *390 license or licenses herein provided, it shall be lawful for such itinerant vendors to sell any or all the merchandise herein described in the manner prescribed.” Section 47:369.1
“Each person who sells merchandise at retail, other than retail dealers selling from fixed places of business, and other than persons licensed as peddlers under R.S. 47:368-369, shall pay a license tax according to the rates set forth in R.S. 47:353, provided that the minimum license for this class shall be ten dollars. The persons licensed under this Section shall include, by way of extension and not limitation, persons who sell from trucks parked on or beside public streets and highways and persons who sell at temporary stands or places on or beside public streets or highways.”
As we are compelled to conclude that the Occupational License Tax cannot be levied upon a taxpayer that does not have a place of business in Louisiana (with the exceptions set forth above), we hold that the Board of Tax Appeals properly held that there was no tax liability in the present case, and that the trial court properly upheld this holding.
The judgment of the trial court is affirmed.
AFFIRMED.